IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

CAROL LAKE, et al.,            )
                               )
          Plaintiffs,          )
                               )
     v.                        )    No.  13 C 3176
                               )
CITY OF CHICAGO, et al.,       )
                               )
          Defendants.          )

                        MEMORANDUM ORDER

    City of Chicago ("City") and one of its police officers, Perry Williams ("Williams"), have filed their Answer to the Complaint brought against them by Carol Lake, John Stevens and Ester Richardson.  This memorandum order is issued sua sponte because of the problematic nature of the claimed affirmative defenses ("ADs") that follow the Answer itself.

    It is of course conventional wisdom that a proper AD in the federal practice must accept as gospel the allegations of the complaint to which it responds, so that the AD advances some other predicate for a defendant's nonliability or for a lesser liability than plaintiff claims--in that respect, see Fed. R. Civ. P. ("Rule") 8(c), the extensive caselaw applying it and, e.g., App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).  That fundamental principle calls for the striking of each of the five purported ADs advanced by defendants here:

         1.  AD 1 is wholly at odds with the allegations of

Complaint ¶¶23 and 29. Accordingly AD 1's assertion of qualified immunity is not a proper AD and is stricken (defendants lose nothing by that action, for each of those Complaint paragraphs has been denied and is therefore at issue).

2. ADs 2 through 5 seek to invoke provisions of the Illinois Tort Immunity Act, which might be relevant if plaintiffs were asserting state law claims, as they are not. Each of the claims advanced against Officer Williams looks solely to the United States Constitution and its implementation through 42 U.S.C. §1983. Hence those ADs are stricken as well.[1]

```
                            _____
                            Milton I. Shadur
                            Senior United States District Judge
```

Date: August 15, 2013

---

[1] It is frankly difficult to understand how City's Corporation Counsel's Office can continue to advance such ADs in the objective good faith required by Rule 11(b), given the extensive long-term involvement of that office in defending Section 1983 lawsuits in this District Court.