IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

CARROL LAKE, et al.,            )
                                )
          Plaintiffs,           )
                                )
     v.                         )    No.  13 C 3176
                                )
CITY OF CHICAGO, et al.,        )
                                )
          Defendants.           )

                        MEMORANDUM ORDER

     This 42 U.S.C. §1983 ("Section 1983") action targets the City of Chicago ("City") and a sizeable group of its police officers with claims based on an alleged violation of the Fourth and Fourteenth Amendments based on an assertedly unconstitutional search of the plaintiffs' residence.[1]  All defendants have filed a joint Answer, including a few purported affirmative defenses ("ADs"), and this memorandum order is occasioned by two problematic aspects of an otherwise meticulously detailed responsive pleading.

     First of those problematic aspects is found in the Answer's responses to First Amended Complaint ("FAC") ¶¶36-44, each of which FAC paragraphs alleges that one of the officers "did not knock and announce his [or her] authority and purpose before entering plaintiffs' residence."  In every instance the Answer

---

     [1]  More precisely, two of the three plaintiffs are identified as residents of the property, while the other is identified in Complaint ¶16 as "an overnight guest of the residence."

takes this form:

> Defendants cannot recall who knocked and announced the authority and purpose of the team executing the search warrant prior to Defendant Officers' entry into the residence at 5732 S. Justine, and therefore are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

Each of those responses expressly calls into play the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5) for use by a defendant who needs to avoid either admitting or denying a complaint's allegations, as is otherwise required by Rule 8(b)(1)(B). But although that same usage is employed elsewhere in the Answer on an unexceptionable basis, it is more than difficult to credit a defendant's assertion in the cited responses that he or she lacks knowledge or information sufficient to form a <u>belief</u> as to whether he or she "knocked and announced the authority and purpose of the team executing the search warrant." Rule 11(b) mandates both objective and subjective good faith on the part of both every litigant and the lawyer representing that litigant, and clearly some further thought is needed before any defendant and his or her counsel can conscientiously employ the locution used in the paragraphs at issue.

As for the other problematic aspect of defendants' responsive pleading, it is posed by the ADs included in that pleading. Counsel's n.1 has stated in a totally courteous manner

2

that no offense is intended by advancing the same ADs that this Court struck sua sponte when they were included with the Answer to the original Complaint in this action.  But such courtesy (much as it is appreciated in interpersonal terms) cannot justify the repetition of ADs that were groundless the first time around and that have gained no force from being repeated.

As for n.1's first-stated purpose of "giv[ing] notice to Plaintiffs that Defendants anticipate the possible invocation of these defenses once the underlying facts in this case are revealed through the discovery process," that is purely and simply wrong from any perspective.  Although defendants as well as plaintiffs ought to conform to the principles of notice pleading to apprise their adversaries as to what matters <u>are</u> in issue between the parties, that must speak in the present tense and not in the hypothetical and speculative manner suggested by defense counsel.  Lawyers' pleadings are <u>not</u>, as Charles Dickens said of Mr. Micawber's mindset, to be crafted so:

> that he may be ready--in case of anything turning up.

And as for defendants' putative second purpose--"in order to preserve these arguments for appeal"--no more than a moment's thought is needed to recognize that contention is empty as well. Because defendants have seen fit to repeat their original flawed ADs, this Court is perforce compelled to reiterate here what it said in trashing those ADs in its initial August 15, 2013

memorandum order.

As before, AD 1 once again flouts the fundamental principle that an AD must credit a plaintiff's allegations while stating a reason that plaintiff must lose anyway (or must win to a lesser extent than the plaintiff claims). This time AD 1 directly contradicts FAC ¶¶33 and a flock of other FAC allegations that support it, so that qualified immunity cannot attach.[2] Because the resolution of competing evidentiary assertions must take place at trial, the notion of taking an appeal from an earlier pure pleading ruling makes no sense.

As for proposed ADs 2 through 4, defendants have yet to explain how provisions of the Illinois Tort Immunity Act can insulate police officers from liability for <u>federal</u> constitutional violations. But because AD 5 relates to the potential liability of the City of Chicago for the acts of its officers, while FAC Count III relies on the common law doctrine of respondeat superior to support the City's liability, that AD may stand (unless, of course, plaintiffs were to establish otherwise as a legal matter).

In sum, Answer ¶¶36 through 44 are stricken with leave to file amended answers to those paragraphs of the FAC on or before November 26, 2013. ADs 1 through 4 are stricken, but without

---

[2] As before, defendants lose nothing by the omission of a qualified immunity contention, for they have put plaintiffs' allegations at issue by denials of those allegations.

4

leave to amend.

                               _____
                               Milton I. Shadur
                               Senior United States District Judge

Date: November 15, 2013